UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 16-14554-CIV-MARTINEZ/MAYNARD

RICHARD MICHAEL MORRIS,

    Petitioner,

v.

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

**THIS CAUSE** is before the Court on Magistrate Judge Shaniek Mills Maynard's Report and Recommendation (ECF No. 45), (the "Report"), which recommends that Petitioner's habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") be denied, and that a certificate of appealability be denied. Petitioner has filed Objections to the Report (ECF No. 51), (the "Objections"). After *de novo* review of the Report, the Objections, and the record, and for the reasons discussed below, the Report is affirmed and adopted, and Petitioner's Objections are overruled.

### I. LEGAL STANDARD

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v.*

*WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## II. DISCUSSION

### A. Objection to Factual Finding

Petitioner "objects to the factual finding that he shot Mr. Jones." (ECF No. 51 at 2.) The Report's factual finding was a summary of the evidence presented at Petitioner's trial, which resulted in a guilty verdict for first-degree murder. For the reasons explained below, the Report correctly found that Petitioner failed to establish his actual innocence. Thus, Petitioner's objection to the factual finding is overruled.

### B. Objection as to Claim One

Petitioner objects to the Report's application of 28 U.S.C. § 2254(d)[1] to Claim One because, he contends, this claim was not "adjudicated on the merits" in state court. (ECF No. 51 at 2.) Petitioner therefore insists that this claim must be reviewed *de novo*. (*Id.*) Even under *de novo* review, however, this claim fails for the reasons explained in the Report. Petitioner alleged in Claim One that the trial court erred by not allowing him to call an expert to testify on the reliability of eyewitness identification. (ECF No. 1 at 5.) The Report correctly found that this claim did not merit habeas relief because it raised essentially a state law evidentiary issue. (ECF No. 45 at 30.) Petitioner objects to this finding; specifically, he contends that the trial court's exclusion of expert

---

[1] Section 2254(d) provides that if a federal habeas claim was "adjudicated on the merits in State court proceedings," that claim may only be granted if it—"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* If a claim was not adjudicated on the merits in state court, it is reviewed by the federal court *de novo. Cone v. Bell*, 556 U.S. 449, 472 (2009).

testimony on "change blindness"[2] violated his right to present witnesses in his defense. (ECF No. 51 at 4–6.)

As the Report concluded, this claim turned on a state-law evidentiary issue that did not rise to the level of a due process violation. (ECF No. 45 at 30.) A federal court may grant habeas relief on a state court's evidentiary ruling only if the ruling affected the fundamental fairness of the trial. *Sims v. Singletary*, 155 F.3d 1297, 1312 (11th Cir. 1998). "To render a state-court proceeding fundamentally unfair, the excluded evidence must be 'material in the sense of a crucial, critical, highly significant factor.'" *Taylor v. Sec'y, Fla. Dep't of Corr.*, 760 F.3d 1284, 1296 (11th Cir. 2014) (quoting *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984)). "Such a determination is to be made in light of the evidence as a whole." *Felker v. Turpin*, 83 F.3d 1303, 1312 (11th Cir. 1996).

Here, the state trial court's exclusion of expert testimony on "change blindness" was not a crucial or significant factor in the trial. The expert testified during his proffer that change blindness normally occurs with objects, not people, and is less likely to occur under "familiar circumstances" where individuals know each other. (Trial Tr., Resp't Ex. 12, ECF No. 10-2 at 679–80.)[3] Multiple eyewitnesses who identified Petitioner as the shooter knew him personally. (ECF No. 45 at 4–5.) The expert also admitted that he did not know whether the concept of change blindness had passed the *Frye* test. (*Id.* at 679.) Moreover, Petitioner had the ability to cross-examine the eyewitnesses regarding the possibility of mistaken identification, and the jury did not need special knowledge or experience to assess the reliability of eyewitness testimony. *See Jones v. Smith*, 772 F.2d 668, 674

---

[2]   "Change blindness" occurs, according to Petitioner, "when an action by one actor is interrupted and a second person performs a subsequent action. In such cases, the witness may believe that the original actor performed the subsequent action." (ECF No. 51 at 4–5.)

[3]   The page numbers in the citation refer to the electronically-generated pagination in CM/ECF and not the original page numbers on the exhibit.

(11th Cir. 1985) (holding that counsel's failure to call an expert "as to the unreliability of eyewitness testimony" did not constitute ineffective assistance because "[t]he likelihood of mistaken identification . . . was brought to the jury's full attention through cross-examination"); *Johnson v. State*, 438 So.2d 774, 777 (Fla. 1983), *vacated on other grounds by* 205 So.3d 1285 (holding that the trial court properly excluded an expert witness in the field of eyewitness identification, who "would have explained both the common problems in such identifications and the general factors affecting a witness' accuracy" because "[e]xpert testimony should be excluded when the facts testified to are of such nature as not to require any special knowledge or experience in order for the jury to form its conclusions" and "a jury is fully capable of assessing a witness' ability to perceive and remember, given the assistance of cross-examination and cautionary instructions, without the aid of expert testimony."). In sum, the exclusion of expert testimony on change blindness did not render the entire trial fundamentally unfair. Thus, Petitioner's objection as to Claim One is overruled.

### C. Objection as to Claim Two

Petitioner objects to the Report's rejection of his second claim, which alleged that the prosecutor improperly shifted the burden of proof onto the defense during his closing argument. (ECF No. 1 at 7.) As the Report correctly found, the prosecutor did not shift the burden because he was merely pointing out a lack of evidence supporting Petitioner's theory of defense. *See Lombardi v. Inch*, No. 3:18-CV-1362-RV-HTC, 2020 WL 6731133, at *9 (N.D. Fla. Oct. 29, 2020) ("It is not impermissible burden-shifting if the 'prosecutor was responding to argument proposed by the defense' and 'close examination of the entire closing argument demonstrates that these comments addressed theories that were raised during the defense cross-examination of the State's witnesses and during closing argument but were never contradicted with evidence.'" (quoting *Robards v. State*, 112 So.3d 1256, 1270 (Fla. 2013))). The prosecutor was highlighting the fact that

Petitioner's theory of defense was misidentification, yet defense counsel failed to provide any evidence to support her claim that the witnesses who identified Petitioner as the shooter had conspired to pick him out of a photo lineup. (*See* Trial Tr., Resp't Ex. 12, ECF No. 10-2 at 1162–63.) The Report correctly found that this argument did not improperly shift the burden of proof.

In his Objections, Petitioner disputes the Report's finding that, even if the prosecutor's remarks were improper, Petitioner was required to show that the remarks rendered his entire trial fundamentally unfair. (ECF No. 51 at 7–8.) According to Petitioner, the proper question was whether the burden-shifting remarks violated his *specific* right to the presumption of innocence. (*Id.*) But the remarks in question were not improper, so they did not violate Petitioner's right to the presumption of innocence. In any event, the Report correctly found that any prejudice from the prosecutor's comments was cured by the trial court's instruction to the jury regarding the burden of proof. *See United States v. Simon*, 964 F.2d 1082, 1087 (11th Cir. 1992) ("[T]he prejudice from the comments of a prosecutor which may result in a shifting of the burden of proof can be cured by a court's instruction regarding the burden of proof"); *United States v. Fernandez*, 553 F. App'x 927, 935 (11th Cir. 2014) (holding that even if the prosecutor's remarks shifted the burden, the defendant failed to establish prejudice because "[t]he district court instructed the jury that 'the defendant does not have to prove his or her innocence or produce any evidence at all'"). Accordingly, Petitioner's objection as to Claim Two is overruled.

### D. Objection as to Claim Three

Petitioner objects to the Report's rejection of his third claim, which alleged newly discovered evidence in the form of a witness's recantation. Petitioner contends that the Report should have found that the state post-conviction court's factual findings were unreasonable. (ECF No. 51 at 9–11.) Petitioner contends that because the state court "found that [the witness's] recantation was 'incredible,'" this finding "certainly casts doubt on the veracity of [his] trial

testimony," since this witness is "a demonstrated perjurer." (*Id.* at 10–11.) In other words, Petitioner appears to argue that if a witness's recantation is incredible, it must mean, paradoxically, that his recantation *is credible* because it shows that he is "a demonstrated perjurer" who lied under oath at trial.[4] This argument is fallacious for obvious reasons. As the Report pointed out, the state court discredited the witness's recantation based in part on the fact that the witness was an inmate in the same facility as Petitioner. (ECF No. 45 at 36.) The recantation was also contradicted by other witnesses' testimonies and by physical evidence. (*Id.* at 37.) Moreover, even if this witness had lied under oath at trial, it would not undermine the verdict because the witness merely testified at trial that he did not see who shot the victim, and multiple eyewitnesses identified Petitioner as the shooter. In sum, Petitioner's objection as to Claim Three is overruled.

E. **Objection as to Claim Five**

In Claim Five, Petitioner alleged that his trial counsel was ineffective for failing to preserve for appeal the claim of trial court error in sustaining the State's objection to counsel's *voir dire* question about whether prospective jurors would find a witness credible if the witness was a convicted felon. (ECF No. 1 at 27.) Petitioner contends that the state court's denial of this claim was an unreasonable application of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), because the state court should have measured prejudice on whether the outcome of the *appeal* would have been different, not on whether the outcome of the *trial* would have been different. (ECF No. 51 at 13.)

The Report correctly found that "[t]here is no Supreme Court case deciding whether *Strickland*'s prejudice analysis should focus on the trial—or on the appeal—when a petitioner

---

[4] In fairness, Petitioner does not exactly claim that the state court should have found the witness's recantation credible. He insists that the state court should have focused instead on "whether [the witness] perjured himself at trial." (ECF No. 51 at 10.) But to obtain relief, Petitioner must show that the witness's recantation—in which he said he saw someone else shoot the victim—was credible. Simply demonstrating that this witness lied at trial does little to help Petitioner.

claims that trial counsel performed deficiently by raising, but failing to preserve, an alleged error that occurred during trial." (ECF No. 45 at 44.) *Flores-Ortega* concerned a different issue: whether counsel's error caused the defendant to forfeit an appeal altogether. 528 U.S. at 483. As the Report noted, the Eleventh Circuit expressly held that *Flores-Ortega* "did not address a situation such as this one, where the issue was raised but not properly preserved. Thus, there is no clearly established federal law by the Supreme Court specifically addressing whether the federal court should examine the prejudice on appeal rather than at trial in a case like this one." *Carratelli v. Stepp*, 382 F. App'x 829, 832 (11th Cir. 2010). In *Carratelli*, as here, the petitioner claimed "that his trial attorneys were constitutionally ineffective for failing to properly preserve for appeal cause challenges to jurors." *Id.* at 830. The Eleventh Circuit held that "the district court correctly affirmed the state court decisions holding that the relevant prejudice inquiry should focus on trial, not the appeal, under the facts presented in this case." *Id.* at 832. Thus, because *Flores-Ortega* did not "clearly *require* the state court" to reach a different result, its ruling was not an unreasonable application of clearly established federal law. *Kernan v. Cuero*, 583 U.S. 1, 3 (2017) (emphasis in original). Accordingly, Petitioner's objection as to Claim Five is overruled.

F. **Objection as to Claims Seven and Eight**

In claims seven and eight, Petitioner alleged that his trial counsel was ineffective for not requesting a *Richardson* hearing after the State failed to disclose changes in two witnesses' testimonies about what Petitioner was wearing. (ECF No. 1 at 29–30.) Petitioner contends that the state post-conviction court applied the wrong standard for *Strickland* prejudice in rejecting this claim because "harmful error is presumed when a *Richardson* inquiry is not conducted." (ECF No. 51 at 17 (quoting *Acosta v. State*, 856 So.2d 1143, 1144–45 (Fla. 4th DCA 2003))). Petitioner is incorrect; under *Strickland*, there is no presumption of prejudice in this context. *United States v. Cronic*, 466 U.S. 648, 659 (1984) (holding that prejudice from counsel's errors cannot be

presumed except in three narrow circumstances); *see also Florida v. Nixon*, 543 U.S. 175, (2004) (recognizing that *Cronic*'s presumption of prejudice is "reserved for situations in which counsel has entirely failed to function as the client's advocate."). Thus, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The cases on which Petitioner relies did not involve ineffective-assistance claims; they involved direct appeals raising claims of trial court error for failure to hold a *Richardson* hearing, in which a presumption of prejudice does apply. Here, the Report correctly concurred with the state court's finding that Petitioner failed to demonstrate *Strickland* prejudice. Accordingly, Petitioner's objection as to claims seven and eight is overruled.

### G. Objection as to Claim Ten

In Claim Ten, Petitioner alleged that his appellate counsel was ineffective for failing to raise the issue of the trial court's failure to hold a *Richardson* hearing on the purported discovery violations. As the Report cogently explained, appellate counsel was not ineffective for failing to raise this issue because the trial court's failure to hold a *Richardson* hearing in this case would not have warranted reversal by the state appellate court. The failure to hold a *Richardson* hearing is harmless error "only if the appellate court can say, beyond a reasonable doubt, that the defense was not procedurally prejudiced by the discovery violation." *Brown v. State*, 165 So.3d 726, 729 (Fla. 4th DCA 2015) (internal quotations and alterations omitted). Here, as the Report explained, Petitioner was not procedurally prejudiced by the State's failure to disclose changes in the witness's testimonies about Petitioner's attire because defense counsel thoroughly cross-examined the witnesses about these changes and "scrupulously and extensively" laid out the discrepancies in their testimonies during closing argument. (ECF No. 45 at 47.) Petitioner claims he was prejudiced because "had he known that these witnesses had changed their descriptions of the shooter, he would have accepted the State's 25-year plea offer." (ECF No. 51 at 20.) But this claim

is wholly speculative, and in fact, the inconsistencies in the witnesses' testimonies strengthened Petitioner's defense because he was able to use these inconsistencies to undermine their credibility. In any event, the issue of whether to hold a *Richardson* hearing is one of state law, and "although the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension, [courts] must defer to the state's construction of its own law when the validity of the claim that appellate counsel failed to raise turns on state law." *Pinkney v. Sec'y, Dep't of Corr.*, 876 F.3d 1290, 1295 (11th Cir. 2017). Thus, this Court must defer to the state court's rejection of this claim. Accordingly, Petitioner's objection as to claim ten is overruled.

### H. Objection as to Claim Eleven

In his objection as to Claim Eleven, Petitioner merely rehashes an argument the Report rejected. He again argues that the appellate court's characterization of his appeal as "frivolous" means it denied his claim on the merits. (ECF No. 51 at 22–23.) The Report addressed this, stating, "even if the Fourth DCA added a merits determination by later describing Petitioner's appeal as frivolous, 'where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.'" (ECF No. 45 at 28 quoting *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994))). Petitioner contends that "[t]he term 'frivolous' has long been understood to mean 'without merit.'" (ECF No. 51 at 22.) But the state trial court order Petitioner appealed denied his claim solely on procedural grounds. The fact that the appellate court found this appeal to be without merit does not mean the appellate court rejected the underlying claim on the merits. Rather, it means the appellate court found that any argument that the claim was not procedurally barred was without merit. Petitioner has pointed to no authority supporting his position that in stating his appeal was "frivolous," the appellate court was reaching the merits of the underlying claim. Accordingly, Petitioner's objection as to Claim Eleven is overruled.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Judge Maynard's Report, (ECF No. 45), is **AFFIRMED AND ADOPTED** and incorporated into this Order by reference.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), is **DENIED**.

3. No certificate of appealability shall issue.

4. All pending motions not otherwise ruled on are **DENIED AS MOOT**.

5. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9 day of May, 2025.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record